**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1166
_____

UNITED STATES OF AMERICA

v.

MAURICE LEBRON DAVIS, a/k/a Maurice Pringle,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 1-13-cr-00028-001
District Court Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
January 27, 2022

Before: CHARAGES, *Chief Judge*, McKEE and MATEY, *Circuit Judges*

(Opinion filed: April 13, 2022)

_____

OPINION*
_____

---

\* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Maurice Davis appeals the District Court's denial of his motion for compassionate release from the 235-month term of imprisonment imposed in October 2015, for charges arising from his conviction for eight counts of Hobbs Act Robbery. Davis filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his case presents "extraordinary and compelling reasons" to support a request for compassionate release. For the reasons that follow, we will vacate the District Court's decision and remand for reconsideration.

I.

In denying Davis's motion, the District Court relied on the definition of "extraordinary and compelling reasons" in the controlling guideline policy statement.[1] Under that definition, extraordinary and compelling reasons were limited to: (A) medical conditions, (B) complications in old age, (C) family circumstances, and (D) "other reasons" as determined by the Director of the Bureau of Prisons.[2] In *United States v. Andrews*, however, we held that this policy statement is not binding authority when "considering prisoner-initiated motions" as opposed to motions initiated by the Bureau of Prisons.[3] Although not binding, we explained that the policy statement may nevertheless be used to "shed[] light on the meaning of extraordinary and compelling reasons" and as a guide for deciding whether certain circumstances meet the threshold for compassionate

---

[1] D.Ct. Dkt. No. 141.
[2] U.S.S.G. § 1B1.13 cmt n.1.
[3] *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

release.[4] We also explained that although the First Step Act was not retroactive, "the current sentencing landscape may [nevertheless] be a legitimate consideration for courts" as they consider and weigh the other factors in ruling upon inmate-initiated motions for compassionate release.[5]

This case is analogous to *Andrews*. Both Andrews and Davis argued that a change in law amounted to an "extraordinary and compelling" reason for a reduction in sentence.[6] However, the District Court did not have the benefit of our holding in *Andrews* because Davis's motion was denied before our decision in *Andrews* was filed.

Accordingly, we will vacate the District Court's denial of Davis's motion for compassionate release and remand so that the court can reconsider its ruling in light of our decision in *Andrews*.

---

[4] *Id.* at 260.
[5] *Id.* at 262.
[6] *Id.* at 257; D.Ct. Dkt. No. 140.